[relates to Docket Item #8]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON BUENO,<br><br>          Petitioner pro se,<br><br>     v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>          Respondents, | Civil Action<br>No. 06-4639 (JBS)<br><br>**MEMORANDUM OPINION** |

**Simandle, District Judge**:

     This matter is before the Court on the Motion of Respondents, the United States Department of Homeland Security, Andrea J. Quarantillo, and George O. Robinson, to Dismiss the Petition as an action for declaratory relief barred by 8 U.S.C. § 1503.  The Court finds as follows:

     1.  Pursuant to 8 U.S.C. § 1503 and 28 U.S.C. § 2201, under certain circumstances individuals may bring actions in federal court seeking declarations that they are nationals of the United States:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States,

>          except that no such action may be instituted
>          in any case if the issue of such person's
>          status as a national of the United States (1)
>          arose by reason of, or in connection with any
>          removal proceeding under the provisions of
>          this chapter or any other act, or (2) is in
>          issue in any such removal proceeding. An
>          action under this subsection may be instituted
>          only within five years after the final
>          administrative denial of such right or
>          privilege and shall be filed in the district
>          court of the United States for the district in
>          which such person resides or claims a
>          residence, and jurisdiction over such
>          officials in such cases is conferred upon
>          those courts.

8 U.S.C. § 1503(a).

2. The Government has filed a motion to dismiss arguing that Bueno may not institute this action because the issue of his status as a national arose in connection with a removal proceeding. See id.

3. The Court shall deny this motion to dismiss because it appears that the issue of Bueno's status did not arise in connection with any removal proceeding. Rather, it appears that the government commenced a removal proceeding subsequent to Bueno instituting this action.[1] Further, there is no indication that Bueno's status is currently "in issue in any removal proceeding." Id.

4. As the docket in this case reflects, Bueno filed this action on September 28, 2006. The Government asserts that Bueno

---

[1] At the time Bueno instituted this action, he was in custody in the State of New Jersey prison system.

2

came into the custody of the Bureau of Immigration Customs and Enforcement ("BICE") approximately two weeks later, on October 12, 2006, and that he was ordered removed December 6, 2006.

5.  The government has provided no transcript of a removal proceeding nor any evidence that any removal proceeding in which Bueno's nationality would be an issue was pending at the time the action was "instituted," September 28, 2006.  Although the Government correctly points out that Bueno may challenge his removal order by appeal to the Board of Immigration Appeals for the Immigration Court that entered the order, he is not required to do so to proceed with this declaratory action in this Court, pursuant to 8 U.S.C. § 1503(a), so long as the Court would not be interfering with a pending proceeding in which his nationality is "in issue."  Therefore, the Court shall deny the motion to dismiss because Petitioner was not barred from instituting this action under 8 U.S.C. § 1503.

6.  In this action, Bueno asserts that he is a citizen because he was a minor when his mother attained citizenship in 1993.  See 8 U.S.C. § 1432(a) (repealed).  He has provided the Court with her certificate of naturalization.

7.  Former 8 U.S.C. § 1432(a) generally provided for derivative citizenship of alien children upon their alien parents' naturalization if certain statutory conditions were met. This statute was in effect when Bueno was born, when he entered

the United States, and when his mother naturalized, and it thus controls his claim for derivative citizenship. Morgan v. U.S. Attorney General, 432 F.3d 226, 230 (3d Cir. 2005).

    8.    The statute provided in relevant part that:

> A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
>
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
>
> (4) such naturalization takes place while such child is under the age of eighteen years; and
>
> (5) such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a) (repealed). This statute appears to be the basis for Bueno's claim to citizenship as his mother was naturalized in 1983, when he was seventeen years-old.

    9.    However, Bueno may bring this action only if he has exhausted his administrative remedies.

> Congress has set forth the method by which one asserting derivative citizenship may have it declared. The Immigration and Nationality Act requires that a person with such a claim initially apply to the Immigration and Naturalization Service for a Certificate of Citizenship. 8 U.S.C. § 1452(a); 8 C.F.R. § 341.1-.7 (1994). If the applicant is denied a certificate, he or she may then initiate a declaratory judgment action in federal court under section 1503(a) requesting a judicial declaration of citizenship. As section 1503(a) expressly requires a "final administrative denial" before any such action may be instituted, a federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies. <u>Whitehead v. Haig</u>, 794 F.2d 115, 119 (3d Cir. 1986).

<u>U.S. v. Breyer</u>, 41 F.3d 884, 891-92 (3d Cir. 1994). It is not clear whether Bueno has followed those steps.

10. The Government has not argued that Bueno's petition should be dismissed for failure to apply for a certificate of citizenship. In fact, there is no information from either party whether Bueno sought a certificate of citizenship pursuant to 8 U.S.C. § 1452(a).[2]

---

[2]   A person who claims to have derived United States citizenship through the naturalization of a parent . . . may apply to the Attorney General for a certificate of citizenship. Upon proof to the satisfaction of the Attorney General that the applicant is a citizen, and that the applicant's alleged citizenship was derived as claimed, or acquired, as the case may be, and upon taking and subscribing before a member of the Service within the United States to the oath of allegiance required by this chapter of an applicant for naturalization, such individual

11. Nevertheless, the Court will have to dismiss the action unless Petitioner has sought such a certificate.

12. Therefore, Petitioner BueJuly 16, 2007no must show cause, within twenty days of the entry of this Order, why this case should not be dismissed for his failure to apply for a

---

> shall be furnished by the Attorney General with a certificate of citizenship, but only if such individual is at the time within the United States.

8 U.S.C.A. § 1452 (a). Furthermore,

> [a]n application for a certificate of citizenship by or in behalf of a person who claims to have acquired United States citizenship under section 309(c) or to have acquired or derived United States citizenship as specified in section 341 of the Act shall be submitted on Form N-600 [, available at http://www.uscis.gov/files/form/N-600.pdf] in accordance with the instructions thereon, accompanied by the [$255] fee specified in § 103.7(b)(1) of this chapter. The application shall be supported by documentary and other evidence essential to establish the claimed citizenship, such as birth, adoption, marriage, death, and divorce certificates.

8 C.F.R. § 341.1.

certificate of citizenship from the Attorney General.[3]  An appropriate Order shall be entered.


**July 16, 2007**                                **s/ Jerome B. Simandle**
Date                                             Jerome B. Simandle
                                                 U.S. District Judge

---

[3]  The Government has also sent letters to the Court indicating that Bueno is receiving assistance from an attorney and that Bueno personally informed the Government that he no longer intends to pursue this case.  The Court has not received such communication from Bueno himself, or any communication from a purported representative, and so continues to consider Petitioner to be pursuing this case pro se and cannot accept the Government's unconfirmed statement as a request for voluntary dismissal.  Certainly, if Bueno wishes to discontinue this case, he should sign a statement to that effect and send it to the Court, with a copy to Respondent's counsel.